We'll call the next case United States of America v. Henry Freeman. Mr. Smith, and before we start here, the reason that we reduced the time for argument on these cases was the fact that we respect the interests of all counsel to provide you hopefully adequate amount of time. In the case of Mr. Jones, do you want to respond to each case as it's called or since there are some overlapping issues to which in your briefs it appears you have similar responses, do you want to do them at the end? How do you want to handle it? Probably at the end, Your Honor. You want to handle the joint ones at the end and handle the individual matters as they come up? Yes, Your Honor. Okay. Thank you. All right. Mr. Smith. Thank you, Your Honor. Good morning. May it please the Court, Dale Lionel Smith on behalf of Henry Freeman. And have you reserved time for rebuttal? I respectfully request to reserve two minutes for rebuttal. That request will be granted. Thank you. It is clearly error in a court to charge a jury upon a supposed or conjectural state of facts of which no evidence has been offered. The instruction presupposes that there is some evidence which they may think sufficient to establish the facts hypothetically assumed in the opinion of the court. And if there is no evidence which they have a right to consider, then the charge does not aid them in coming to correct conclusions. But its of weighing the testimony. In the case before us, we do not see any evidence in the record which tends in the least degree to prove any one of the facts hypothetically assumed in the opinion. If such testimony was given, it certainly does not appear in the transcript. And upon this ground, without examining further into the opinion of the court below, the judgment must be reversed. Well, what are you talking about? The deliberate amount that was found? The quantity of the controlled substance. Well, why is that subsumed under the theory of lesser-included offense? Well, it would be on it only if there was some evidence to support that charge. Well, is it your position that there's no evidence in this case that there was a, from what a jury could find, that there was a, a, a, a, a, some amount of, of cocaine here? Well, it has to be some amount other than the charged five kilograms or more, which this court in United States v. Vasquez and the United States Supreme Court in U.S. v. Cotton has held is an essential element of the offense. So Rule 31 and the doctrine of lesser-included offense is required that the evidence support something other than the greater element. And so... Didn't the instruction to the jury say that the jury had to find a measurable amount? I, I, I'm sorry, Your Honor. Didn't the instruction to the jury tell the jury that they had to find that there was a measurable, measurable amount of cocaine? Yes, it did, in fact. But however... Isn't that all 8, 841 and 846 require? Yes, Your Honor, but the defendants were not charged with that. What they were charged with and what the grand jury indicted them on was a conspiracy to possess with intent to distribute five kilograms or more. But that, that wasn't necessary for a conviction under either 841 or conspiracy under 846. That is correct, Your Honor, but once the indictment has been returned by a grand jury charging a particular type of conspiracy, it becomes an element of the offense that must be proven beyond a reasonable doubt. Which case do you have that says that? What case do you have that says that? That says once the grand jury returns an indictment? Yes, once the grand jury... I, I believe all the cases do. United States v. Vasquez, which is cited at 271 3rd, page 93. What about United States v. Bob? That, that is a different case, Your Honor. First of all, the grand jury in that case did not return a particular indictment charging conspiracy with five kilograms or more. If indeed, if, if it is true what the government is claiming, then it means all the cases that Apprendi, all the cases that find this to be an essential element of the offense is meaningless. And in Ray Winship, it doesn't mean anything. Because we have to understand, Your Honors, that in no way does Apprendi and the cases that follow United States v. Jones, those cases did not modify in any way in Ray Winship. I understand that. So, isn't a measurable, isn't a, isn't a measurable amount of cocaine included within five kilograms? Yes, Your Honor. Is that included offense within five kilograms? Yes, but according to this case, which is United States v. Breitling, from the language that I just quoted, which is found at 61 United States Report, page 252, the, the less included offense doctrine in Rule 31 is there for a reason. And when you have, in this case, four or five elements of the offense, and you have a district judge who decides that he will make the jury aware of those elements, but instruct them that no, you don't have to find five kilograms or more, even though it's an essential element. You just have to find something less. You're distorting the fact-finding process. You have to. Don't we do that, don't we do that all the time? Someone could be charged with murder and convicted of aggravated assault or manslaughter. Well, I, I think, first of all, the, the notice requirement of due process will, will inform a defendant if, in fact, the evidence conforms to that theory. You cannot charge the jury on conjectural or non-existent theories. Is it your position that there was no evidence that a jury could not find a measurable amount of cocaine in this case? Yes. And, and, and, and what is most compelling about this case that makes it different from every other case is that the district court believed that it was instructing the jury on, on the five kilograms or more element. And in submitting the question later on, the jury said, well, we can't come to a determination. So they were unable to find that there was five kilograms or more. So there was no finding. So that, that's what distinguishes this case. Your Honor, when the district judge instructed the jury. Okay, let me just, and I understand your point, but by virtue of the instruction and by virtue of the jury's finding, didn't this case then essentially end up into an 841B1C case, which had a term of from zero days to 20 years in jail? Yes, Your Honor, and that pertains to the issue of sentencing. Okay, but it defaulted into that section, did it not? Yes, but that's the assumption that the conviction was valid to begin with, which my position is it's not. Okay, so you're saying it's a separate question? Yes, it is a separate and distinct question and a critical one. A sentencing, that's a not a guilt or innocent question. That's correct. And you're saying, let me make sure I understand, because I'm not sure I understand your position. You're saying the mere fact that the U.S. adds a specific quantity to an indictment, that it adds an element to the charge? Well, with all due respect, Your Honor, it's not the U.S., but the grand jury. The grand jury? Yes. I understand the distinction. Once the indictment says that, you're saying that that becomes an element of the charge, an element of the charge brought by the grand jury indictment? Yes, and Your Honor, I think the Constitution only permits a change if there is a reasonable view of the evidence supporting the lesser charge. So we have an in re winship problem here. And especially when the judge later on asked the jury if they find this particular element, there was no decision. The jury could not. So they were instructed that they could find a measurable amount, though. Yes, and so that's where the judge is giving this instruction. Why? All we heard in this case... There was no objection to that instruction, that the jury may find, if they don't find the five kilos, they could find a measurable amount. There was no objection to that. There was specific objections to it, Your Honor. I beg to differ. In fact, not only me, but my colleague who was coming up after me, we specifically said to the district judge, no, you cannot charge this way. It is five kilograms or more. That is an essential element of the offense. Well, that's an essential element to be convicted of five kilos. To be charged. Okay, but why isn't a measurable amount of cocaine encompassed within five kilos? It does, but within the context of this case, there is no way to assess and weigh the credibility of the main witness. As it is, there is no credibility in a conspiracy, a very vast conspiracy. So a jury, hearing the evidence in this case, has to determine whether or not this witness is credible enough to prove Mr. Freeman's participation in a complex conspiracy. And the district court, by saying to this jury, hey, the grand jury may have charged a complex conspiracy involving five kilograms or more, testified to by one of the biggest cocaine distributors in the United States, which was Mr. Springett. But you know what? You don't have to assess his credibility in that manner. All you have to do is find a conspiracy involving a measurable amount. Well, what do you have to say with the fact that if someone is charged with, I mentioned murder, that the grand jury does not have to charge them with manslaughter, but the jury can be charged that if the jury wants to, they can find the defendant guilty of manslaughter if they reject his guilty of murder. Well, I disagree. I would think the only time that a jury can find him guilty of an other offense that's not in the indictment if it's a lesser included offense. Manslaughter is a lesser included offense, I would take it, to murder. And juries are charged on manslaughter in indictments which only charge murder. And the district court can, if the evidence shows it could be a manslaughter and not a murder case, charge a jury that if they don't find the defendant guilty of murder, they can find him guilty of manslaughter. Okay. I do know that with 50 different states making up the union, that not every manslaughter is a lesser included offense of murder. Yes. And I would say, given your question, that assuming the manslaughter count shares all the elements of the murder count, the United States Supreme Court has said that in order for the jury to be given the lesser included offense, it must be reflected, the reasonable view of the evidence, so to speak, must support the lesser and not the greater. So you just, the district court is not permitted willy-nilly to submit charges and have the jury decide which one. And so I think that's the problem here. And it makes me a little nervous because I think it's so straightforward. The objection was made. You know, this court has said these are essential elements of the offense. The government got the memo because they charged it in the indictment, the grand jury did, and counsel objected. And the district court's view was that these are not elements. Five kilograms or more is not an element. It's a sentencing factor. That is contrary to this court's precedent. Vasquez, Lacey, all those decisions. This is an essential element of the offense. And according to USV Cotton, that must be charged in the indictment and must be submitted, instructed, to the jury. But you're going for the sentencing gun. Well, aren't you saying, if we could just hold a second, Doug. Sure. Aren't you really saying that in order to be convicted of a lesser included offense, you have to be instructed on the offense for which you were indicted? Isn't that what you're really saying? That's part of what I say. That's the first part. And then there must be a reasonable view of the evidence supporting the lesser. The jury must... I understand that. Okay. Under Coleman and all the other cases, how can you conclude that a jury couldn't have found... Maybe they couldn't decide how much it was, but clearly there was a measurable amount involved for which Mr. Freeman was responsible. Well, if you review the evidence in this case, Your Honor, each and every event, each and every episode where there was testimony about cocaine only involved 10 or more kilograms of cocaine. Each and every one. There was nothing a jury can look at and say, you know what? He wasn't involved in those 10 shipments that were on the plane. He wasn't involved in the 240 bales that were dropped from the plane. It's possible though the jury just concluded we can't figure out how much it was, but it was measurable. You know, I understand what you're saying, but in this case, when they believe that they are trying to come to a determination as to the main, the one and only charge, and the district court effectively gave them the option of two charges as one. So... Because of the sentencing... Yes, the... Now the district judge seemed to be a little disappointed with the jury's verdict, and he himself made a finding as to the drug quantity himself, did he not? Yes, he did, Your Honor. Now, is it... Your position is that he should have been sentenced under a straight offense level of 12, correct? Yes, that's how he should have been sentenced. Now, do you acknowledge that under that particular regimen, that he could have been sentenced under a level of 12, correct? When you say level, do you mean guideline level or the sentencing range? Within the guideline range, yes. Well, I... Being instructive, not binding on the court. I think once they... On the assumption that the conviction is valid, and on the assumption that it is based on a measurable amount of the controlled substance, the sentencing range is zero to 20 years in prison. Now, the district court has an obligation to do two things. Calculate the guidelines correctly, and make sure its factual findings are based on reliable facts. And so, as it pertains to Mr. Freeman, what we said is that there were no reliable facts upon which the court can use to support the 50 kilograms or more that the... In fact, it is so unreliable in Mr. Freeman's case, who was supposed to be a lower guy, he finds 50 or more kilograms. But in Mr. Mark's case, where he was the greater, the heavy, so to speak, they find less. So, it seems to me as if the district judge, again, was just... I'm not sure what he's basing his determination on, but if you have a witness who gave testimony in a trial, and you believe that that witness's testimony was not reliable simply because the jury made a finding following erroneous instructions, doesn't mean you must sentence the defendant based on those facts. Now, we do acknowledge that the district judge can sentence him with anything within that level of 12, based upon any facts that he finds by a preponderance of the evidence. On the assumption that those facts are based on reliable evidence or testimony, yes. And so, if that were done, the district court was required to, in calculating the guidelines correctly, which I submit would have required a finding of level 12 and a range of 10 to 16 months. Okay. At this stage, what level... He did not sentence him under 12, did he? No, he did not. In fact, the objection came 10 months after the report was prepared and on the eve of sentencing. And the district court, even though it said, I am disallowing the government's objections, said, well, I'm also going to correct the report to reflect their objections. Instead of sending it back for re-sentencing, why can't we say that's harmless error because he could make findings of facts on re-sentencing that would be somewhat the same? Well... Under guideline... Under 12 range. Under an offense level 12. I would have to say that that type of view, so to speak, is rational. Rather cynical view. I think if there are things in place that a district court must do and he didn't do it, then yeah, remand is appropriate with proper instructions. And I think in this case, this court is well within its purview to say that the guidelines were not calculated properly. There was no reliable evidence. In fact, the district court specifically said, Mr. Smith, do you want me to weigh the credibility of this witness? And of course, if the guidelines and the statute requires that it be based on reliable evidence, the district court must weigh that witness's credibility. All right, Mr. Smith, we'll hear back from you and we'll ask Mr. Jones if he has any comment at this time as to... Thank you. ...any points in this argument. Good morning, Your Honor. My name is Nelson Jones. I represent the Appellate United States. The only comment I would make with respect to Mr. Smith's argument is the claim that there was absolutely no evidence of Mr. Freeman's involvement. And we look to the testimony of... I'm sorry. We look at the testimony of Mr. Isaac, who identified Mr. Freeman as a member of the conspiracy, who testified that, in fact, Mr. Freeman, he would make... Mr. Isaac would make contact with Mr. Mark, who would advise him that a shipment... That's what actually happens with that microphone and podium. It's not situated in the center of the room, so you're looking this way, and you're taking your mouth away from the microphone. I'm sorry, Your Honor. There you go. Right there. The testimony in the case was that Mr. Mark would advise Mr. Isaac of a shipment coming through, and that Mr. Freeman would then provide him with the information concerning who the courier would be that would actually be bringing the drugs to North Carolina. So contrary to Mr. Smith's claim that there was no evidence of Mr. Freeman's involvement in the conspiracy, there was clear evidence from Mr. Isaac of Mr. Freeman's involvement meeting at the ranch or at the farm with Mr. Mark, Mr. Claxton, and the rest of the co-conspirators. So we submit to the court that that is incorrect. With respect to the question concerning the measurable amount of cocaine, Mr. Smith seems to argue that because the jury wasn't able to find five kilograms or more of cocaine in this charge against Mr. Freeman, that somehow the measurable amount of cocaine standard does not apply. We submit to the court that the way the district court conducted the instructions was reasonable in terms of making a determination whether, in fact, there was a measurable amount of cocaine, and then have a discretionary derogatory given to the jury with respect to the amount, whether the government had led to five kilograms or more amount of the cocaine. On the sentencing, how do you justify the district court sentencing on a defense level of 12? On this record, I can't justify it. I believe the court needed to go into more detail with respect to its fact-finding ability with respect to the other. Well, if the only thing he was found guilty of was a measurable amount or detectable amount of cocaine, the level was 12. That's correct, but you also have the statutory scheme of zero to 20 months, excuse me, 20 years, zero to 20 years under the statute for that particular offense. With the perspective that the court is required, the district court is required... The district court is required to correctly calculate the guideline range and use as advisory. I'm asking Mr. Freeman, did the court sufficiently and correctly find the facts? No. What the court did, the court made a generalization that the evidence is in the record, but it did not specifically state what facts it was reliant upon. You're admitting this should go back. That's what he did, yeah. Basically, I believe there should be a resentencing. For resentencing, correct. It should go back for resentencing. Correct. Your knowledge error there. Yes, because I believe that the record does... You acknowledged that in your brief? Excuse me? You didn't acknowledge that in your brief, did you? I believe in the letter brief that was submitted subsequent that the court had asked the government and the... The letter. The letter brief, correct. Letter brief, yeah. I did in the letter brief. You alluded to that. That's correct. Okay. Let me ask you this, two questions, Mr. Jones. Why, and I'm not sure I understand this here, why in this case, Mr. Freeman's and the other ones, did the court ask for the jury to find the specific drug quantity after it gave the measurable amount instruction? I can only suppose, since I was not part of the trial itself, I would suspect that based on the case law with respect to a specific finding of the amount for purposes of sentencing, of the enhancement, I believe that was the purpose of it. But it's not necessary to do that, is it? No. Okay. But it seems to me that once you do that... Then you open yourself up. Then you open yourself up to criticism as to whether or not your factual findings were sufficient to establish more than a measurable amount. Correct. Okay. The second question I have here, the second question I have here is to Mr. Smith's point. When you charge five kilograms or more in the indictment, which is what charged all of the conspirators here, shouldn't you at least give that instruction to the jury before you trigger 31C and the lesser-included offense section? Because it seems to me that the point that Mr. Smith is making is that in order for the jury to be able to do that, you know, this was a big deal. This was a big deal. I mean, they're shipping cocaine from Venezuela, the BVI through St. Thomas onto the mainland, get different people playing different roles. And all you're asking the jury to do is find that somewhere along the line, Freeman possessed a measurable amount. And no one ever testified that Freeman maybe touched anything. Now, under the law of conspiracy, you don't have to touch anything. Exactly. But I think the argument he was making was, you know, you changed the ship on us here. I don't believe it changed the ship in terms of the fact that whether it's five kilograms or more or a measurable amount of cocaine, it's still amounts of a measurable amount of cocaine. The five keys or the ten keys or whatever number of keys that Mr. Freeman was involved with, with respect to Mr. Isaac, doesn't change the fact that there's a measurable amount of cocaine. And so therefore, I don't believe that it really makes a difference. Once you have a measurable amount of cocaine, the sole purpose of the five kilograms or more is for the enhancement, to get the 10-year minimum mandatory. Right. And if they don't find that, then you drop back to zero to 20 on the statute or you're level 12. I mean, I can see, I'm not necessarily saying I agree with Mr. Smith, but I can see a little bit about maybe you hit the ball on us here a little bit by changing the instruction. I won't say he changed the instruction. I would say that he did the instruction in two parts instead of one. That's a cricket. That's not against the law. Correct. Is it? It's not. All right. It's not. But bottom line here, he sentenced this man under an offense level of 36 and not under a 12. That's correct. Okay. So you agree with your demand for resentencing under 12, offense level of 12? I agree with the demand for resentencing. If the district court is ever able to do a fact finding by preponderance of the evidence concerning any additional, then I submit to the court that the court is clear to do that under the... By preponderance of the evidence. By preponderance of the evidence. That's an important distinction. Yes, by preponderance of the evidence. Okay. All right, Mr. Jones, we'll have you back. Mr. Smith, is there anything you want to add here on this point? You got yourself halfway there maybe. Yeah, well, I... Don't give up what you have now. No, I'm not. Believe me. I just wanted to make... Two things. I just wanted to make sure I understood the court's question, which was, should he be sentenced as if it were level 12 and therefore looking at 10 to 16 months and he has already served that time? Well, that's something we have to decide. Okay. So then I agree, no, you don't have to send it back. And you could give him the 21 to 27 months. You're saying something different than Mr. Jones said, so... Okay, yeah. So that was my first point. But secondly, I just want to talk about Rule 31 because it seems to be getting as if it's not significant. But Rule 31 is really a restatement of existing law. And it's of constitutional dimension in my position because... And this is an existing law. So the notice requirement of due process, if you're going to charge a lesser included, it has to be based on the evidence. Otherwise, the required due process notice is not there. And the Sixth Amendment jury finding is not there either if you cannot point to something in the record that would permit the jury to find this fact. And that's why the case that I just cited, United States versus Breitling, 61 U.S. Reports at 252, that language from the Supreme Court, which is still good law. Scalia's... No, this was before Justice Scalia was born. It was an 1858 case. And so it is still good law and I think it controls the outcome of this case. Thank you.